## Appeal of William McPherson et al.

## Estate of John McPherson, Deceased.

The orphans' court is justified in refusing an issue to try the question of testamentary capacity, where the testimony shows that the testator was frequently drunk, but nevertheless fails to convince the court that he was, when sober, incapable of transacting business, or that up to the time of the execution of his will he was not in the possession of a sound, disposing memory.

(Argued October 13, 1887. Decided October 31, 1887.)

October Term, 1887, No. 237, W. D. Appeal from a decree of the Orphans' Court of Armstrong County refusing an issue to the Court of Common Pleas to determine the testamentary capacity of John McPherson, deceased. Affirmed.

On January 6, 1883, the last will and testament of John McPherson was admitted to probate and letters testamentary issued. On February 5, 1884, a *caveat* was filed, and also a petition by certain heirs of the decedent, praying the register to set aside the probate of the will or grant a precept to the common pleas (for an issue), and giving as reasons therefor want of testamentary capacity in the testator, and undue influence.

A rule to show cause why the issue should not be granted issued, and testimony was taken; and, thereupon, upon the return of the rule, the court refused the issue and discharged the rule, in the following opinion, which shows the nature of the testimony:

"Conceding the question of the regularity of the rules, we consider the real question as to the validity of the will, either by reason of incapacity at the time of the execution of the will,

Cited in Dugan's Estate, 19 Pa. Co. Ct. 395, 396, 6 Pa. Dist. R. 222, and Alexander's Estate, 8 Kulp, 402, 406.

NOTE.—For decisions in line with McPHERSON'S APPEAL, see Dugan's Estate, 6 Pa. Dist. R. 222, 19 Pa. Co. Ct. 395, and the authorities cited by the court therein. Miller v. Oestrich, 157 Pa. 264, 27 Atl. 742; Vogelsong's Estate, 196 Pa. 194, 46 Atl. 424; Hoopes's Estate, 174 Pa. 373, 34 Atl. 603; Kraus v. Stein, 173 Pa. 221, 33 Atl. 1031.

See also editorial note to *Re* Miller, 39 L. R. A. 220, presenting the authorities relating to drunkenness as affecting testamentary capacity.

or undue influence exercised in directing the disposition of the estate of testator.

"From the testimony on file we can discover that by reason of a sunstroke the mind of testator, some years ago, was some- what affected. He was also addicted to the use of strong drink. A number of witnesses have testified to the mental unsoundness of the testator. Dr. C. J. Jessop, alone, of those who testified, can be treated as an expert.

"It was at one time proposed to have proceedings instituted for the appointment of trustee, etc.; but this intention was not carried out.

"Considering all the testimony, we are brought face to face with the fact that Mr. McPherson originally possessed a strong will, which may have been weakened somewhat by disease and dissipation.

"But at the same time this testimony is insufficient to satisfy our mind that at the time of the execution of the will the testator was not of sufficient mind and memory to appreciate and understand the nature and character of the act by which he was to direct the disposition of that estate after his death.

"The testimony of the respondents is of a positive character as to the mental condition of the testator at the time of his making the will. We cannot disregard its effect, especially when we are asked to allow an issue that seeks, in its results, to take from the rightful possessor of an estate accumulated by his own labor the liberty of disposing of it according to his own will. Disqualification, by proceedings at law, for performing ordinary lawful acts is a deprivation of individual rights; and in order to have effect it must be complete. Leckey v. Cunningham, 56 Pa. 370.

"We might, in further support of this conclusion we have reached, refer to the Mulberger Will Case, in this county, which certainly seemed to present stronger features of disposing capacity than the present. Also, Cauffman v. Long, 82 Pa. 72, and the latest case reported on this subject: Combs's Appeal, 105 Pa. 155.

"Nor is there any evidence to satisfy us that undue influence was practised.

"For the reasons stated the rule is discharged."

The petitioners for the issue thereupon appealed, assigning

as error the action of the court in discharging the rule and in not granting the issue.

*David Barclay,* for appellants.—Our testimony establishes the fact, with evidence amply sufficient to support a verdict against the validity of the will at least one year before the execution of the will, that John McPherson was not of sound mind and disposing memory, that he was not in a fit condition to dispose of his property by will or otherwise, and that such unfitness had existed for a long period of time before, and was of a permanent character. The evidence to which we have referred gives rise to presumption of law against the validity of the will, and casts the burden of proof, not on the contestants, but on the proponents. Boyd v. Boyd, 66 Pa. 283, 296; Harrison's Appeal, 100 Pa. 471; Hyatt v. Johnston, 91 Pa. 196.

In Harrison's Appeal the rule is laid down that the orphans' court is bound to grant an issue, when evidence has been taken from which it appears that there is a conflict of testimony, and a substantial dispute upon material points.

In Raby v. Cell, 85 Pa. 80, it is held that to submit a case to a jury there must be evidence of such a character that the mind may reasonably rest upon it although it may be with some hesitation. Testamentary capacity is presumed to exist until the contrary is established. An abnormal condition of mind is never presumed when a testator makes his will, unless a previous aberration be shown, of such a nature as may admit of a presumption of recurring unsoundness at any time. Den *ex dem.* Stevens v. Vancleve, 4 Wash. C. C. 262, Fed. Cas. No. 13,412. And if there be shown a previous testamentary incapacity, of a permanent nature, which has existed for a long period and continued to grow worse down to a recent period, anterior to the execution of the will, a presumption of unsoundness and incapacity will arise, which must change the burden of proof and shift it to the shoulders of the proponent. And when this occurs there must necessarily be a conflict of testimony and a substantial dispute upon material points.

We are aware that habitual drunkenness, in law, does not *per se* incapacitate a man from disposing of his property by will. It does most readily subject one to undue influence. The undue influence which will avoid a will must be such as to destroy the free agency of the testator at the time the instrument

is made; it must be a present constraint operating on his mind at the time of making the testament. Eckert v. Flowry, 43 Pa. 46.

*Buffington & Buffington* for appellees.

PER CURIAM:

We are inclined to think that the conclusion reached by the learned judge of the court below, in this case, was the correct one, and that an issue could have resulted properly in nothing but the establishment of the testamentary capacity of John Mc-Pherson at the time of the making of his will. That he was frequently drunk, and generally ill natured and stubborn, is, we think, established by the contestants' evidence; nevertheless, an examination of that evidence fails to convince us that when sober he was not capable of transacting his business, or that up to the time of the execution of his testament he was not in the possession of a sound disposing memory.

The appeal is dismissed and the decree affirmed, at the costs of appellants.